UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE O'BRIEN, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:18-1320 |
| v. | : | (JUDGE MANNION) |
| WARDEN CLAIR DOLL, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

**I. Background**

Plaintiff, an inmate formerly confined in the State Correctional Institution, Somerset, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He complaints of events which occurred at his former place of confinement, the York County Prison, York, Pennsylvania. Id. The action proceeds via an amended complaint. (Doc. 25). The named Defendants Warden Clair Doll, Correctional Officer Robert Axe, John Doe Nurse and J. Doe Physician. Id. On May 6, 2020, Defendant Axe and Doll filed an answer. (Doc. 32).

On October 16, 2020, Plaintiff filed a motion to reopen discovery. (Doc. 34). By Scheduling Order, this Court set the deadline for discovery as November 6, 2020 and required dispositive motions to be filed by December 7, 2020. (Doc. 35).

On December 7, 2020, Defendants Axe and Doll filed a motion for summary judgment, along with a supporting brief and statement of material facts. (Docs. 36-38).

By Order dated August 18, 2021, this Court provided notice to the parties that Defendants' motion for summary judgment would be considered solely on the issue of exhaustion of administrative remedies. (Doc. 39). The Order directed the Defendants to file any supplement to their motion for summary judgment and for Plaintiff to file a brief in opposition to Defendants' motion as well as a statement of material facts and any supporting materials. Id.

On September 17, 2021, this Court's August 18, 2021 Order was returned to the Court as "not deliverable as addressed" and "unable to forward", noting that Plaintiff had been "released" and the prison was "unable to forward." (Doc. 40). Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

II. DISCUSSION

On June 29, 2018, this Court sent Mr. O'Brien a copy of our Standing Practice Order which advises *pro se* litigants of their obligation to notify the

Court of any change of address. (Doc. 5). The Standing Practice Order provides, in pertinent part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

Id. That order further provides that Plaintiff "shall follow the requirements of these rules or suffer the consequences of their failure to do so, including possible dismissal of this action. Unless otherwise ordered by the court, there will be no hearing." Id. Middle District of Pennsylvania Local Rule 83.18 similarly provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the court of the litigation.

Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Standing Practice Order, and the Court is unable to communicate with Plaintiff at his address of record.

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or

statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

  Plaintiff has not communicated with the Court since the filing of his October 16, 2020 motion to reopen discovery. (Doc. 34). The Court's August 18, 2021 Order was returned as undeliverable, indicating that Mr. O'Brien had been released. (Doc. 40). A search of the Pennsylvania Department of Corrections computerized Inmate Locator revealed that Mr. O'Brien is not in the custody of the Pennsylvania Department of Corrections. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis, 747 F.2d at 868-69.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Standing Practice Order.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 29, 2021**
18-1320-01